**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

SEBASTIAN FELIPE GUEVARA RODRIGUEZ,

Petitioner,

v.

DALE J. SCHMIDT, DEPARTMENT OF HOMELAND SECURITY, and IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-CV-1598-JPS

**ORDER**

## 1. INTRODUCTION

Petitioner Sebastian Felipe Guevara Rodriguez ("Petitioner") is currently in the legal custody of Immigration and Customs Enforcement ("ICE") at the Dodge County Jail in Juneau, Wisconsin. ECF No. 1 at 6. On September 10, 2026, Petitioner filed a motion for a temporary restraining order and a petition for a writ of habeas corpus against Dale Schmidt, the Department of Homeland Security, and ICE ("Respondents"). ECF Nos. 1, 2. Now before the Court is Petitioner's motion for a temporary restraining order. ECF No. 1. For the reasons set forth below, the Court will deny the motion.

The Court also notes that Petitioner has filed a motion to expedite consideration for both his temporary restraining order and habeas petition. ECF No. 5. For prompt consideration of this case by the Court, Petitioner

must file a magistrate consent or refusal form, as previously directed on the docket. Because jurisdiction of this case is currently split between Magistrate Judge William E. Duffin and this Court, the Court will not rule on the motion to expedite until jurisdiction is clarified.

## 2. FACTUAL BACKGROUND

Petitioner was admitted to the United States as a B-2 visitor in New York on February 20, 2021, authorized through August 19, 2021. ECF No. 1 at 6. Petitioner filed an application for asylum and for withholding of removal in February 2022. *Id.* Petitioner has lived in San Jose since September 2023. *Id.* On August 30, 2026, Petitioner was arrested by ICE in the waiting area of a Chicago airport and was confined to Dodge Detention Facility. *Id.* On September 10, 2026, Petitioner filed a motion for a temporary restraining order in accordance with Federal Rule of Civil Procedure 65, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 2. On September 17, 2026, the Court requested that the Respondents file a response to Petitioner's motion for a temporary restraining order. Respondents filed a brief in opposition to the motion on September 28, 2026, ECF No. 3, and on the same day Petitioner filed a reply to the opposition, ECF No. 4.

Both parties agree that Petitioner's custody is governed by 8 U.S.C. § 1226(a) and accordingly, that he is entitled to a bond hearing. ECF No. 3 at 2–3; ECF No. 4 at 3. Petitioner received a Form I-286 on September 21, 2026, and subsequently requested immigration judge review of his custody. ECF No. 4 at 2. Petitioner remains in Dodge Detention Facility, and to the Court's knowledge has not had the opportunity to appear before an immigration judge.

## 3. STANDARD OF LAW

Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and should not "be indulged in except in a case clearly demanding it." *Winter v. Natural Res. Def. Council*, 555 U.S 7, 22 (2008); *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021). To obtain preliminary injunctive relief, whether sought through a temporary restraining order or a preliminary injunction, the moving party must show: 1) a likelihood of success on the merits; 2) no adequate remedy at law exists, and 3) he will suffer irreparable harm without preliminary relief. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three requirements are met, the court then considers: 4) the balance of harm to each party in granting or denying the motion; and 5) the public interest. *Id.*

**4. ANALYSIS**

The parties do not contest that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that Petitioner is eligible for a bond hearing in front of an immigration judge. Indeed, the Seventh Circuit recently confirmed this point in *Cirrus Rojas v. Olson*. 183 F. 4th 909 (7th Cir. 2026). Respondents argue that the Court should deny the motion because Petitioner can seek the same relief through other avenues. ECF No. 3 at 2. This argument speaks to the requirement for whether there is an adequate remedy at law. Petitioner argues that delay in this case will cause prejudice, the agency lacks ability to grant the requested relief, and substantial constitutional questions are presented. ECF No. 1 at 11.

The Court does not reach other issues raised in the parties' briefing, including whether exhaustion is required here.[1] The Court is in a unique position in that only the motion for a temporary restraining order is before it, and not the underlying habeas petition itself, as neither party has filed a consent or refusal to proceed before Magistrate Judge William E. Duffin.

The Court begins and ends its analysis with the second requirement for a temporary restraining order: whether there is an adequate remedy at law. Petitioner seeks the same relief in both his motion for a temporary restraining order and his underlying § 2241 petition. He first asks that the Court grants his immediate release, or in the alternative, order a custody hearing where Respondents bear the burden of proof. ECF No. 1 at 2; ECF. No. 2 at 5. The Court agrees with Petitioner that relief he seeks cannot be granted by an ordinary bond hearing held by an immigration judge, where the burden of proof is on the Petitioner to justify why the detention is not necessary. ECF No. 4 at 4.

However, Petitioner's relief can be granted by an adequate remedy at law: his underlying § 2241 petition. Petitioner argues that "the theoretical availability of a future bond hearing [cannot] provide an adequate remedy at law." ECF No. 4 at 7. However, this Court disagrees. While the Court is sympathetic to the challenges Petitioner faces in detention, Petitioner does not claim any exceptional harm beyond continued confinement. *See Abi v.*

[1]The Court notes that the question of exhaustion is currently split among the Seventh Circuit and within this district itself. *Compare Singh v. Schmidt*, No. 26-cv-1249-bhl, 2026 WL 2641784, at *1 (E.D. Wis. Sep. 8, 2026), *and Hernandez Melchi v. Swearingen*, No. 2:26-CV-00488-JRO-MKK, 2026 WL 2279391, at *3 (S.D. Ind. Aug. 7, 2026), *with Pedurianu v. Schmidt*, No. 26-cv-1386-pp, 2026 WL 2676798, at *6 (E.D. Wis. Sep. 11, 2026), *and Gutierrez Hernandez v. Schmidt*, No. 26-cv-1274, 2026 WL 2427418, at *2–3 (E.D. Wis. Aug. 19, 2026).

*Barr*, No. 19-cv-1033 (PAM/TNL), 2019 WL 2463036, at *2 (D. Minn. June 13, 2019) (finding that while "[petitioner's] detention is certainly a harm. . . . [c]ontinued detention during the pendency of [the] habeas petition, with no forthcoming removal or change in status, does not demonstrate that the harm" warrants injunctive relief (citing *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011))).

The Court believes that the relief Petitioner seeks can be granted in a timely manner by his underlying § 2241 petition.[2] *See Purdy v. Bureau of Prisons*, No. 24-cv-4340 (KMM/DTS), 2025 WL 756859, at *2 (D. Minn. Feb. 10, 2025) ("[B]ecause Purdy's motion brings similar challenges and seeks substantially the same relief as his underlying petition, the writ of habeas corpus provides an adequate legal remedy." (citing *Abi,* 2019 WL 2463036, at *2)); *Abi*, 2019 WL 2463036, at *2 ("A preliminary injunction is also inappropriate where there is an adequate remedy at law, and here that remedy is the petition for writ of habeas corpus. Petitioner seeks the same relief (immediate release or bond hearing before an immigration judge) in both his habeas petition and motion for a TRO."); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that . . . other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." (quoting *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.D.C 1958))).

Petitioner recognizes that this relief can be granted under § 2241 and cites to a case from this Court providing such relief. ECF No. 4 at 6 (citing

---

[2]The Court notes that it has set expedited briefing schedules in § 2241 habeas cases. *See Suarez-Gonzalez v. Olson*, No. 26-CV-590-JPS, Text Only Orders dated 5/14/2026 and 9/18/2026 (E.D. Wis. 2026).

*Suarez-Gonzalez*, No. 26-CV-590-JPS, 2026 WL 2169410 at *10 (E.D. Wis. July 28, 2026)). An "[i]nadequate remedy at law does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003) (citing *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir.1984)). The Court is unconvinced that a delay in the relief Petitioner seeks in his § 2241 petition by denying his motion for a temporary restraining order makes the § 2241 remedy "seriously deficient."

Because the Court believes that Petitioner has an adequate remedy at law pursuant to his writ of habeas corpus under 28 U.S.C. § 2241, it will deny Petitioner's motion.

Accordingly,

**IT IS ORDERED** that Petitioner Sebastian Felipe Guevara Rodriguez's motion for a temporary restraining order, ECF No. 1, be and the same is hereby **DENIED**

Dated at Milwaukee, Wisconsin, this 9th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge